# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOBAR ENTERPRISES, LLC,<br><br>Plaintiff<br><br>v.<br><br>YADA YADA YADA, INC. d.b.a APR Aviation, Inc.,<br><br>Defendant | CASE NO. 1:13-CV-1811 AWI SKO<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

On November 8, 2013, Plaintiff Hobar Enterprises, LLC filed a complaint in this Court for breach of contract, negligence, and breach of warranty. See Doc. No. 1. These causes of action all relate to the allegedly improper repair of an aircraft's landing system. Plaintiff alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332. See id. at ¶ 1.1. Plaintiff alleges that the amount in controversy exceeds $75,000.00. See id. Plaintiff alleges that Defendant Yada Yada Yada, Inc. is a California corporation with its principal place of business in California. See id. at ¶ 2.2. Plaintiff then alleges that it is a Washington limited liability corporation with its principle place of business in Washington. See id. at ¶ 2.1.

The plaintiff has the burden to establish that subject matter jurisdiction is proper. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); see Vacek, 447 F.3d at 1250. Courts may raise the issue of subject matter jurisdiction *sua sponte* and at any time during the pendency of an action. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

For purposes of diversity jurisdiction, there must be "complete diversity" between the parties, which means that each defendant must be a citizen of a different state from each plaintiff.

In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2002). A corporation is deemed a citizen of its state of incorporation and its principal place of business. Harris v. Rand, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability corporation, however, is a citizen of all of the states of which its owners/members are citizens. Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Plaintiff's complaint fails to adequately allege diversity jurisdiction. Although Plaintiff identifies itself as a Washington entity with its principal place of business in Washington, Plaintiff does not allege the citizenship of its owners/members. Without allegations that identify the citizenship of each of Plaintiff's owners/members, Plaintiff's citizenship is wholly unknown. Because Plaintiff has failed to properly invoke this Court's subject matter jurisdiction, the Court will dismiss the Complaint, but will give Plaintiff leave to amend. Advanced Energy Solutions, LLC v. Sea-Pacific, Inc., 2013 U.S. Dist. LEXIS 63894, *3 (E.D. Cal. May 2, 2013)

Accordingly, IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED due to a lack of subject matter jurisdiction;
2. Plaintiff is granted fourteen (14) days in which to file a complaint that properly invokes diversity jurisdiction; and
3. If Plaintiff fails to file a timely amended complaint, leave to amend will be withdrawn and this case will be closed without further notice.

IT IS SO ORDERED.

Dated:   November 12, 2013                           _____
                                                     SENIOR DISTRICT JUDGE

2