1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOBAR ENTERPRISES LLC, | Case No.  1:13-cv-01811-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO FILE A THIRD-PARTY COMPLAINT** |
| v. | |
| | (Doc. 18) |
| YADA YADA YADA, INC., | |
| Defendant. | |
| _____/ | |

## I.   INTRODUCTION

On April 14, 2014, Defendant Yada Yada Yada, Inc. ("Defendant")[1] filed a motion seeking leave to file a Third-Party Complaint.  (Doc. 18.)  The motion was set for hearing on May 14, 2014.  No opposition to the motion was filed, the Court took the matter under submission, and the hearing set for May 14, 2014, was vacated.  For the reasons set forth below, Defendant's motion is GRANTED.

---

[1] Yada Yada Yada, Inc does business as APR Aviation, Inc.

## II.    BACKGROUND

This is a property damage suit arising out of an incident involving a Beechcraft King Air F90 aircraft (the "aircraft") occurring on April 15, 2013, during the aircraft's landing.  Plaintiff Hobar Enterprises LLC ("Plaintiff") owns the aircraft and filed suit against Defendant, who performed maintenance on the aircraft's landing gear approximately 5 months prior to the incident. Plaintiff alleges that the incident, which caused severe damage to the aircraft, was the result of improper maintenance services performed by Defendant.  (Doc. 1, ¶ 5.8.)

Plaintiff filed suit against Defendant on November 8, 2013, and a First Amended Complaint was filed on November 13, 2013.  (Doc. 7.)  Defendant answered the amended complaint on January 2, 2014.  (Doc. 12.)  The parties appeared for a scheduling conference on March 27, 2014, and a scheduling order was issued.  (Doc. 17.)  Non-expert discovery in this matter closes on August 29, 2014, and all expert discovery concludes on December 15, 2014.

In conducting informal discovery in December 2013 and March 2014, the parties attended onsite airfield and aircraft inspections at Odessa, Washington, where the incident occurred.  (Doc. 18-2, Buchanan Decl., ¶ 3.)  David Harris, the pilot of the aircraft at the time of the incident, was present at the inspections.  Mr. Harris represented to the participants of the inspections that his intent at the time of the incident was to make a short landing, execute a "firm" touchdown of the aircraft, and turn off the runway at the midpoint taxiway.  (Doc. 18-2, Buchanan Decl., ¶ 4.)  After considering statements made by Mr. Harris about his actions in landing the aircraft and other informal discovery, Defendant believes that the occurrence of a hard landing may be one of several contributing factors to causing the aircraft's gear collapse and that Mr. Harris may be responsible for causing the "hard" landing.  (Doc. 18-2, Buchanan Decl., ¶ 5.)  Defendant now seeks to serve and file a Third-Party Complaint against Mr. Harris.

## III.    DISCUSSION

### A.    Legal Standard – Federal Rule of Civil Procedure 14

Federal Rule of Civil Procedure 14(a) provides for service of a third-party complaint upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the claim against it.  The defendant need not obtain leave of the court to serve and filed a third-

party complaint, if it is filed within 14 days after the defendant serves its original answer to the complaint in the main action.  Fed. R. Civ. P. 14(a)(1).  In all other circumstances, leave of the court to serve and file a third-party complaint must be sought pursuant to a request brought by motion.

The purpose of impleader under Rule 14 is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the party or parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim.  *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  The decision whether to permit a third-party claim pursuant to Rule 14 is left to the sound discretion of the trial court.  *Id.*   As the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader.  *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 394 (1st Cir. 1999).

**B.    Defendant's Motion for Leave to File a Third-Party Complaint is Granted**

Because it has been more than 14 days since Defendant served and filed its original answer on January 2, 2014, leave of court must be granted before Defendant may serve and file a Third-Party Complaint.

Defendant argues that it has a colorable claim for negligence, contribution, and equitable indemnification against David Harris.  Defendant's proposed Third-Party Complaint alleges that Mr. Harris, who was the pilot of the aircraft at the time of the incident, acted negligently by electing to attempt a "short landing," attempting to turn off the runway at the midpoint taxiway, and causing the aircraft to undergo a "hard landing."  (Doc. 18-2, ¶ 12.)  According to Defendant, Mr. Harris' actions were the direct, legal, and proximate cause of the incident and any damages resulting to Plaintiff.  (Doc. 18-2, ¶ 14.)

Mr. Harris may be liable for all or part of the claim against Defendant in the event that liability is established.  Permitting Defendant to file a Third-Party Complaint against Mr. Harris will promote judicial efficiency and consolidate the litigation regarding this incident.  Upon review of Defendant's motion, supporting documentation, and proposed Third-Party Complaint, the requirements of Rule 14 have been satisfied, and Defendant's motion is GRANTED.

1

**IV.    CONCLUSION AND ORDER**

2        Accordingly, IT IS HEREBY ORDERED that:

3        1.    Defendant's motion for leave to file a Third-Party Complaint against David Harris

4              as proposed in Defendant's motion (Doc. 18-2, p. 5-9) is GRANTED; and

5        2.    Defendant shall serve David Harris with the Third-Party Complaint within 21 days

6              from the date of this order.

7

8

IT IS SO ORDERED.

9

10       Dated:   **May 1, 2014**                          **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4