# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOBAR ENTERPRISES, LLC, | **Case No.**   1:13-cv-01811-SKO |
| Plaintiff, | |
| | **PRETRIAL ORDER** |
| v. | **Motions in Limine** <br> **Filing Deadline:**   July 1, 2015 |
| | **Motions in Limine** <br> **Response Deadline:**   July 8, 2015 |
| YADA, YADA, YADA, INC., dba APR AVIATION, INC., | **Motions in Limine** <br> **Hearing:**   July 21, 2015 <br> 2:00 p.m. <br> Courtroom 7 |
| Defendant. | |
| | **Jury Trial:**   **Date:   August 4, 2015** <br> (4 day estimate)   **Time:   8:30 a.m.** <br> **Court:   7 (SKO)** |
| _____/ | |

The Court conducted a pretrial conference on May 20, 2015. Plaintiff Hobar Enterprises, LLC ("Plaintiff" or "Hobar") appeared telephonically through its counsel, Isaac Ruiz, Esq. Defendant Yada, Yada, Yada, Inc. dba APR Aviation, Inc. ("Defendant") appeared personally through its counsel, Duffy Buchanan, Esq.

Pursuant to Federal Rule of Civil Procedure 16(e) and Rule 283 of the Local Rules of the United States District Court, Eastern District of California, the Court issues the following Pretrial Order.

**I.   JURISDICTION AND VENUE**

Plaintiff brings this suit pursuant to California state law. The Court has subject matter jurisdiction over this diversity action. 28 U.S.C. § 1332. Venue is proper because Defendant APR

Aviation resides in the Eastern District of California.  28 U.S.C. § 1391(b)(1).  The parties have no dispute regarding jurisdiction or venue.

## II.   JURY TRIAL

Both parties have requested a trial by jury.

## III.   TRIAL DATE AND ESTIMATED LENGTH

Trial will commence on **Tuesday, August 4, 2015, at 8:30 a.m. before U.S. Magistrate Judge Sheila K. Oberto in Courtroom 7 (SKO).**  The parties estimate that the trial will require approximately 4 days.  The parties are reminded that they are expected to have witnesses ready every day on which the trial will be in session to avoid wasting jury time.

## IV.   FACTS AND EVIDENTIARY ISSUES

### A.   Undisputed Facts

The following facts are undisputed:

1. Plaintiff Hobar Enterprises owns a Beechcraft 1980 King Air F90, Serial Number LA-70, U.S. Registration 119FJ;
2. The purchase by Hobar Enterprises was completed in October 2012;
3. This lawsuit arises from an accident that occurred, involving this aircraft, at the municipal airport in Odessa, Washington, on or about April 22, 2013;
4. The accident involved the right hand landing gear of the aircraft;
5. The pilot on the date of the accident was David Harris.  The acts of David Harris in piloting the aircraft are imputed on Hobar Enterprises for purpose of this litigation;
6. There were four passengers on the flight.  There were no bodily injuries to the passengers;
7. Prior to the landing at Odessa, APR Aviation had performed maintenance work on the aircraft, including work on the right main landing gear at its facility in Fresno, California;
8. The aircraft was a total loss;
9. The fair market value of the aircraft at the time of loss was $525,000; and

  10. Hobar has suffered $27,000 in loss-of-use damages as a result of the accident.

**B.** **Disputed Facts**

The following facts are disputed:

  1. The salvage value of the aircraft after the right main landing gear collapse;

  2. Plaintiff claims negligent maintenance, repair, and inspection. Defendant denies liability. The factual questions going to liability include whether Defendant properly adjusted the tension on the right main landing gear actuator down-lock tension spring when it performed maintenance prior to the landing gear collapse; and

  3. Plaintiff disputes the validity of all affirmative defenses.

**C.** **Disputed Evidentiary Issues Identified by Plaintiff**

Plaintiff contends the following:

  1. Defense expert Donald Knutson should not be permitted to testify regarding (1) the salvage value of the aircraft, or (2) the standard of care of the pilot;

  2. The Court should preclude Defendant from eliciting any testimony from defense witnesses regarding the standard of care of the pilot—or making any such argument in closing as Defendant has disclosed no expert on that topic;

  3. No defense witness should be permitted to testify regarding the salvage value of the aircraft due to the fact that defendant has disclosed no expert on that topic;

  4. The Court should exclude any reference to whether plaintiff had insurance covering the aircraft at the time of the accident or whether plaintiff has received any insurance proceeds for damage sustained;

  5. The Court should exclude any reference to the fact that Hobar's owner won the lottery;

6. The Court should exclude any reference relating to the fact that the pilot's wife lost her life during the pendency of this litigation;

7. The Court should exclude any reference to mediation or settlement communications;

8. The Court should exclude any testimony from defendant that contradicts the Fed. R. Civ. P. 30(b)(6) testimony;

9. The Court should exclude any testimony from defendant on matters noticed in the Fed. R. Civ. P. 30(b)(6) deposition notice for which defendant was unprepared to testify at the time of deposition;

10. Defendant should not be permitted to present testimony or make argument concerning any defense not specifically pleaded in defendant's answer to Plaintiff's complaint; and

11. The Court should exclude any reference to the time and manner of any party's retention of counsel.

**D.  Disputed Evidentiary Issues Identified by Defendant**

Defendant will request a jury instruction on the superseding cause of Dean Benedict.

## V. RELIEF SOUGHT

Plaintiff seeks the following damages:

- The fair market value of the aircraft at the time of the accident minus its salvage value;
- Loss of use damages;
- Amounts paid to David Harris and Dean Benedict in the month after the accident relating to the recovery of the aircraft;
- Prejudgment interest; and
- Costs and fees to the extent permitted by law.

## VI. POINTS OF LAW

The parties identify the following points of law:

- A person who repairs, maintains, or inspects an aircraft is negligent if it fails to use the amount of care in repairing, maintaining, or inspecting the aircraft that a reasonable careful repairer, maintainer, or inspector would use in similar circumstances to avoid exposing others to a foreseeable risk of harm. California Civil Jury Instruction ("CACI") No. 1221;
- The measure of damage for the loss or destruction of property is the value of the property at the time of such loss or destruction. CACI No. 3903K; and
- The measure of loss of use damages is the reasonable cost to rent a similar item of property for the amount of time reasonably necessary to repair or replace the item.  CACI No. 3903M.

## VII. STIPULATIONS

The parties have stipulated to the following matters:

1. Expert reports shall not be offered into evidence, but may be used for purposes of cross examination;
2. The fair market value of the aircraft at the time of loss was $525,000, and the loss of use is $27,000; and
3. The acts of David Harris relating to the aircraft are imputed on Plaintiff.

## VIII. SETTLEMENT NEGOTIATIONS

At the parties' request, the settlement conference set for February 23, 2015, was vacated. The parties have participated in mediation and indicate that a settlement does not appear possible. They will contact Judge Boone's chambers if they determine a settlement conference will be beneficial.

## IX. PRETRIAL FILING DEADLINES, TRIAL PREPARATION, AND SUBMISSIONS

### A. Motions in Limine and Hearing

At the Pretrial Conference held on May 20, 2015, the Court ordered that the parties file any motions in limine no later than **July 1, 2015.** Oppositions to motions in limine shall be filed and served no later than **July 8, 2015.** The Court will not accept or consider reply papers.  The Court will conduct a hearing on **July 21, 2015, at 2:00 p.m. in Courtroom 7** (SKO).

**B.   Trial Witnesses**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses:

**Plaintiff's Witness List**

1. Kyle Rowton: Client representative with knowledge of its business records
2. Jim McCullar: Owner of Hobar
3. David Harris: Pilot
4. Dean Benedict: Involved in recovery of the aircraft and retained expert on standard of care and causation
5. Carl Davis: Expert in salvage value
6. Robert Lawrence: Representative of defendant who testified at Fed. R. Civ. P. 30(b)(6) deposition and who has knowledge of the work performed by APR and its business records

**Defendant's Witnesses**

1. Don Knutson: Retained expert on aviation maintenance standard of care, accident reconstruction, causation and salvage value;
2. Robert Lawrence: Representative of defendant and percipient witness;
3. Kevin Johnson, Owner of APR;
4. David Harris: Pilot;
5. Dean Benedict: Adverse witness;
6. Carl Davis: Adverse witness; and
7. Kyle Rowton: Adverse witness.

The parties are cautioned that **every** witness they intend to call must appear on that party's witness list. The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at trial or otherwise be available for questioning by other parties. The parties must undertake independent efforts to secure the attendance of **every** witness each party intends to call at trial.

No later than **July 24, 2015,** each party shall file and serve a final witness list, including the name of each witness along with the business or home address of each witness, to the extent known, and omitting witnesses listed in the Joint Pretrial Statement whom the parties no longer intend to call.  Only witnesses who are listed in this Pretrial Order may appear on the final witness list.  No witness, other than those listed in the final witness list, may be called at trial unless the parties stipulate, or upon a showing that this order should be modified to prevent "manifest injustice."  Fed. R. Civ. P. 16(e).

During trial, counsel must provide opposing counsel, by the close of the prior business day, the names of the witnesses each side intends to call on the next trial day.  If evidentiary issues are anticipated, counsel shall immediately notify the Court that a hearing will be required.

**C.     Expert Witnesses**

Plaintiff has identified the following witnesses:  (1) Dean Benedict; and (2) Carl Davis.  Defendant has identified the following expert witness:  Don Knutson.[1]

**D.     Exhibits**

By no later than **June 26, 2015,** the parties shall exchange their proposed exhibits to the extent they have not already done so.  Counsel shall meet and conduct an exhibit conference no later than **July 10, 2015,** to prepare exhibit lists to the extent they have not already done so.  No later than **July 24, 2015,** the parties shall file and serve their final lists of respective pre-marked exhibits.  Only those exhibits that are listed in this Pretrial Order, other than those that may be offered solely for the purpose of impeachment or rebuttal, may appear on the final exhibit list.  No exhibit, other than those listed in the final exhibit list, may be admitted at trial for any purpose other than impeachment or for rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."  Fed. R. Civ. P. 16(e).  **No later than July 29, 2015,** the parties shall submit to the Clerk's Office no later than 4:00 p.m., all pre-marked documentary trial exhibits, **including all originals and three copies**.

---

[1] Plaintiff disputes Defendant timely disclosed any experts.

### 1. **Exhibits Must be Pre-Marked**

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Each individual "original" exhibit that will be submitted to the jury must be bound or fastened so that the exhibit does not become separated. Exhibits submitted to the jury must be pre-marked on the front page **only** in the manner described above. Impeachment or rebuttal evidence need not be pre-marked. However, evidence of bias, extrinsically introduced, must be pre-marked.

#### a. **Joint Exhibits**

Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "J-1," continuing with "J-2," "J-3," "J-4," etc. Those exhibits may be introduced at any time during the course of the trial. Unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence. If an exhibit is not admitted by any party, the exhibit will not be given to the jury despite its "joint" designation as an exhibit.

#### b. **Plaintiff's Exhibits**

Plaintiff's exhibits must be pre-marked starting with "P-201," and continuing with "P-202," "P-203," "P-204," etc.

#### c. **Defendant's Exhibits**

Defendant's exhibits must be pre-marked starting with "D-501," continuing with "D-502," "D-503," "D-504," etc.

### 2. **Exhibits Designated by the Parties for Trial**

As set forth above, exhibits must be pre-marked. No exhibit, other than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11). The following is a list of documents or other exhibits that the parties expect to offer at trial.

      a.    Photographs of the aircraft or its components;

      b.    Photographs and illustrations from expert reports for use during expert testimony;

      c.    Illustrative exhibits

      d.    Beechcraft King Air F90 documents, including selected portions of the maintenance manual, the component maintenance manual, illustrated parts drawings, checklists, and the pilot operating handbook;

      e.    Documents produced in discovery by plaintiff, including FAA registration, invoices paid, and communications;

      f.    Documents produced in discovery by APR, including work orders, the file for the work performed, and invoices;

      g.    Exhibits marked and attached to deposition transcripts (selected);

      h.    Exemplar actuator, drag braces, down-lock hook, and locking plate; and

      i.    Parts from the aircraft.

**E.    Deposition Testimony and Discovery Documents**

The parties have identified the following discovery documents for use at trial:

1. Plaintiff's responses to Defendant's interrogatories and request to produce;
2. Defendant's responses to Plaintiff's interrogatories and request to produce; and
3. Excerpts from depositions of the parties.

No later than **July 24, 2015,** the parties shall file and serve a final list of discovery documents and deposition testimony that they intend to use at trial. Only those documents listed in this Pretrial Order may appear on the final discovery document list. No discovery documents, other than those listed in the final exhibit list, may be admitted at trial for any purpose including for rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e).

Deposition testimony shall be designated by page and line number.  If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above.  *See* Section X(D)(1)(a)-(c).  However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in nontranscript form, if available.  *See* Fed. R. Civ. P. 32(c).

No later than **July 29, 2015,** the parties shall submit to the Court, through the Clerk's Office, all discovery documents intended for any use at trial.  The Court will address objections to deposition testimony and/or discovery responses as they arise during trial.

### F.   Opening and Closing Statements

#### 1.   Materials Used

Any materials to be used during a party's opening and, to the extent reasonably known, closing statements shall be disclosed to the other party and the Court in advance of trial.  As such, no later than **July 29, 2015,** the parties shall serve on each other copies or a description of any materials to be used in opening and, to the extent reasonably known, closing statements at trial and shall also submit copies or a description of these materials to the Court through delivery to the Clerk's Office.

#### 2.   Time Limits

Counsel estimated their opening and closing arguments will require no more than one hour each.  The time reserved for rebuttal will be discussed at the motion in limine hearing or before the trial begins.

### G.   Trial Briefs

If the parties wish to file trial briefs, they must comply with Rule 285 of the Local Rules of the United States District Court, Eastern District of California.  Any trial briefs the parties wish to submit should be filed and served no later than **July 27, 2015.**

### H.   Neutral Statement of the Case

By **no later than June 26, 2015,** the parties shall serve on one another a proposed neutral statement of the case.  **No later than July 10, 2015,** the parties shall meet and confer regarding

the drafting of a neutral statement of the case.  The parties shall jointly file a neutral, brief statement of the case, which is suitable for reading to the jury by **no later than July 27, 2015.**

### I. Proposed Voir Dire

The parties shall file and serve any proposed jury voir dire by no later than **July 24, 2015.**

### J. Proposed Jury Instructions

The parties shall serve their proposed jury instructions on one another by no later than **June 26, 2015.**  The parties shall conduct a conference to address their proposed jury instructions by no later than **July 10, 2015.**  At the conference, the parties SHALL reach an agreement on the jury instructions for use at trial.  The parties shall file and serve all agreed-upon jury instructions, and identify them as such, by no later than **July 27, 2015.**

For those jury instructions on which the parties cannot agree, by **July 27, 2015,** Plaintiff and Defendant may file and serve no more than 10 proposed jury instructions and identify them as instructions upon which the parties could not agree.  Without court approval, the Court will not consider any additional disputed proposed jury instructions.

All jury instructions shall specify the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendant's), the number of proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

The Court will not accept a mere list of numbers associated with form instructions from the Ninth Circuit Model Jury Instructions or other source of jury instructions.  The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury.  Any blank fields in the form instructions must be completed before they are submitted to the Court.  Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions, Judicial Council of California Civil Jury Instructions ("CACI"), or California Jury Instructions – Civil ("BAJI") *shall* be used where the subject of the instruction is covered by a model instruction.  All instructions shall be short, concise, understandable, neutral, and accurate statements of the law.  Argumentative or formula

instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modifications of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions or any other source of pattern instructions, and must specify the modification made to the original form instruction and the legal authority supporting the modification.

By no later than **July 28, 2015,** the parties may file and serve any written objections to disputed jury instructions proposed by another party. All objections shall be in writing, set forth the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is proper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**K.     Proposed Verdict Form**

The parties shall serve their proposed verdict form on one another by no later than **June 26, 2015.** The parties shall conduct a conference to address their proposed verdict form by no later than **July 10, 2015.** At the conference, the parties SHALL reach agreement on the verdict form for use at trial. The parties shall file and serve the agreed-upon verdict form, and identify it as such, by no later than **July 27, 2015.** If a party seeks additions to the agreed-upon verdict form, the party may file and serve, by no later than **July 28, 2015,** a proposed verdict form which includes the agreed-upon portions and additions which are clearly indicated on the party's proposed verdict form. The Court will not accept, and will strike, separately proposed verdict forms upon which the parties do not agree.

**L.     Courtroom Access**

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, counsel shall contact the Courtroom Deputy, Alice Timken, by no later than **July 10, 2015,** so that any necessary arrangements and/or training may be scheduled. The parties will not be provided any training on the day of or during the course of the trial. To the extent either party has video or DVD evidence they wish to present,

the only method of displaying such evidence will be through the use of counsel's laptop which will be then projected to the Courtroom monitors. Counsel's laptop shall serve as the device that plays these videos or DVDs – the courtroom equipment no longer provides any technology to play such evidence.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

### M. Other Matters

All proposed jury instructions and verdict forms shall be e-mailed as a Word document attachment to skoorders@caed.uscourts.gov by no later than **July 27, 2015**. Jury instructions and verdict forms will not be given or used unless they are e-mailed to the court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

## X. SEPARATE TRIAL OF ISSUES

The parties do not request separate trial of any of the issues.

## XI. DUTIES OF COUNSEL REGARDING EVIDENCE

### A. General Evidentiary Matters

During the course of trial, counsel shall meet with the Court each morning to advise as to which items of evidence will be used that day and which have not already been admitted into evidence. The Court will rule on any objections to the extent possible prior to the commencement of trial each day out of the presence of the jury. If such ruling depends on the receipt of testimony or other evidence, the Court will rule as appropriate upon receipt of such testimony or evidence. If

evidentiary problems are anticipated, counsel must notify the Court immediately that a hearing outside the jury's presence will be required.  During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

### B.     Witnesses

During the trial, counsel shall provide the Court and the other counsel, no less than one court day before a witness is called, with the name of the witness to be called.  If evidentiary problems are anticipated, counsel must notify the Court immediately that a hearing will be required.

### C.     Post-Trial Exhibit Retention

Counsel who introduces evidence at trial shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case.  Counsel for each party shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

## XII.    ASSESSMENT OF JURY COSTS FOR FAILURE TO TIMELY NOTIFY COURT OF SETTLEMENT

The parties must immediately notify the Court of any agreement reached by the parties which resolves this litigation in whole or in part. Local Rule 160(a).  The parties must advise the Court of settlement immediately, but must do so no later than 4:00 p.m. (Pacific Time) **on July 31, 2015.**  If, for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled when a panel of prospective jurors has reported for voir dire, the Court may assess against counsel or the responsible parties all or part of the cost of empaneling the jury.  Local Rule 272(b).  Jury costs will include attendance fees, per diem, mileage, and parking. If the parties request a continuance after the jury has been called, the Court may assess jury costs as a condition for the continuance.

///
///
///
///
///

# XIII. SUMMARY OF PRETRIAL DEADLINES AND HEARINGS

| Deadline | Event |
|---|---|
| **June 26, 2015 (Wednesday)** | - Exchange proposed exhibits on opposing party;<br>- Serve proposed neutral statement of the case on opposing part;<br>- Serve proposed jury instructions on opposing party; and<br>- Serve proposed verdict forms on opposing party. |
| **July 1, 2015 (Wednesday)** | - File Motions in Limine. |
| **July 8, 2015 (Wednesday)** | - Oppose Motions in Limine. |
| **July 10, 2015 (Friday)**<br><br>All events to occur **no later than July 10, 2015.** | - Exhibit Conference;<br>- Meet and Confer to draft joint neutral statement of the case;<br>- Meet and Confer regarding jury instructions;<br>- Meet and Confer regarding verdict form; and<br>- Contact Courtroom Deputy to schedule training on courtroom audio/visual equipment. |
| **July 21, 2015, at 2:00 p.m. (Tuesday)** | - Hearing on Motions in Limine. |
| **July 24, 2015** (Friday) | - File and serve Final Witness Lists;<br>- File and serve Final Exhibit Lists;<br>- File and serve Final list of discovery documents (if any);<br>- File and serve any proposed voir dire; and<br>- File and serve designated deposition testimony (if any). |
| **July 27, 2015 (Monday)** | - File <u>agreed-upon</u> jury instructions;<br>- File <u>joint</u> verdict form;<br>- File <u>joint</u> Neutral Statement of the Case;<br>- File optional trial brief;<br>- File up to 10 proposed jury instructions on which the parties could not agree (no more than 10 will be considered); and<br>- Email jury instructions, verdict form, and neutral statement of the case as a Word Attachment to the following email address: SKOorders@caed.uscourts.gov. |

| | |
|---|---|
| **July 28, 2015 (Tuesday)** | - File and serve any counter-designation of designated deposition testimony;<br>- File any objections to separately proposed jury instructions; and<br>- File any additions to the agreed-upon verdict form. |
| **July 29, 2015 (Wednesday)** | - Submit all pre-marked trial exhibits to the Clerk's Office by 4:00 p.m. (Do NOT deliver trial exhibits to chambers);<br>- Submit all deposition transcripts reasonably anticipated for any purpose at trial to the Clerk's Office by no later than 4:00 p.m. (**Do not deliver deposition transcripts to chambers**); and<br>- Serve opening statement materials on opposing parties and provide a copy to the Court. |
| **July 31, 2015 (Friday)** | - Last chance to apprise the Court of a settlement without incurring jury costs. |
| **August 4, 2015 (Tuesday)** | - Trial begins at 8:30 a.m. |

## XIV.   STRICT COMPLIANCE

Strict compliance with this order and its requirements is required. The Court will strictly enforce the requirements of this Pretrial Order, especially those portions pertaining to jury instructions and a verdict form. Counsel and the parties may be subject to sanctions for failure to fully comply with this order and its requirements. **The Court will modify this order "only to prevent manifest injustice."** Fed. R. Civ. P. 16(e).

///

///

///

///

16

This order supersedes the parties' Pretrial Statement and controls the conduct of further proceedings irrespective of any purported rights the parties claim to reserve in their Pretrial Statement.

IT IS SO ORDERED.

Dated:   **May 22, 2015**                              **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE